```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

DANIEL W. McMAHON,
                      Plaintiff,

vs.                            Case No. 2:05-cv-90-FtM-33SPC

CLEVELAND CLINIC FLORIDA HOSPITAL NAPLES; CLEVELAND CLINIC FLORIDA NAPLES, LLC; CLEVELAND CLINIC FLORIDA FOUNDATION; CLEVELAND CLINIC FLORIDA; CLEVELAND CLINIC FLORIDA HOSPITAL,

                      Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants' Motion to Appoint Special Master to Oversee Depositions and Supporting Memorandum of Law (Doc. # 29) and pro se Plaintiff's response in opposition (Doc. # 33). In addition, pro se Plaintiff has filed Plaintiff's Motion to File Under Seal The "Defendants' Motion to Appoint Special Master to Oversee Depositions and Supporting Memorandum of Law" (Doc. # 32). Further, Defendants have filed Defendants' Expedited Unopposed Motion to Extend Mediation Deadline or Alternatively Dispense Mediation Requirement (Doc. # 31).

The Court will address each issue in the order presented above.

I.    Motion for a Special Master

Defendants seek an order appointing a special master to preside over depositions to be taken by pro se Plaintiff of

"certain employees of Defendants." (Doc. # 29 at 1).[1] In the motion to appoint a special master, Defendants assert that Plaintiff has mental problems and communication problems that could interfere with the deposition process.[2] Defendants' assertions concerning Plaintiff's mental health and communication problems based on statements from Plaintiff's complaint (Doc. # 1), in which Plaintiff asserts claims against Defendants under the Americans with Disabilities Act.[3] Defendants argue that the appointment of a special master would be appropriate under Rule 26, Fed.R.Civ.P., to prevent undue burden and harassment of Defendants' witnesses.

Pro se Plaintiff stridently opposes the motion to appoint a special master and argues that there is no basis for this Court to believe that Plaintiff's alleged mental and communication disabilities would interfere with the deposition or cause undue burden or harassment to Defendants' witnesses.

---

[1] Defendants have not indicated how many of Defendants' employees Plaintiff has noticed for deposition, the names of these employees, or times, dates, and locations of the depositions.

[2] Specifically, Defendants state, "In fairness to the parties, and to avoid the likelihood of repeated issues arising from deposition conduct to be brought before the Court in the form of discovery disputes, Defendants request that a Special Master be appointed to preside at the depositions conducted by Plaintiff." (Doc. # 29 at 2).

[3] Defendants' motion for a special master also indicates that Plaintiff has informed Defendants that Plaintiff has Obsessive Compulsive Disorder and has been classified as "psychotic." (Doc. # 29 at 1).

2

This Court has determined that it is not necessary to appoint a special master at this stage in the litigation. The parties are encouraged to conduct the scheduled depositions in good faith, and pro se Plaintiff is reminded that indigent plaintiffs are subject to sanctions for misconduct just "like any other litigants. Courts can assess costs and monetary sanctions against IFP litigants." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

In addition, if Defendants would prefer to have their witnesses deposed by Plaintiff in a controlled environment due to safety concerns, Defendants may move to require that the depositions in question be held at the Ft. Myers, Florida United States Courthouse in the presence of a Court Security Officer.

Accordingly, Defendants' motion to appoint a special master (Doc. # 29) is **DENIED**.

II. Motion to Seal

Pro se Plaintiff has filed a motion to seal Defendants' motion to appoint a special master. Plaintiff states that he is offended by the remarks made in Defendants' motion to appoint a special master. In addition, Plaintiff notes that Defendants do not oppose placing the motion to appoint a special master under seal. However, this Court has determined that it is unnecessary to seal the motion to appoint special master. The comments about Plaintiff's mental health found in the motion to appoint special master, to which Plaintiff objects, are derived from Plaintiff's

own statements from Plaintiff's complaint and from Plaintiff's statements to Defendants over the course of the litigation of this case.  Indeed, Plaintiff's complaint contains the following statements, "The Plaintiff is a person who is mentally handicapped . . . The Plaintiff has a mental disability which affects his behavior . . . a security guard from the Cleveland Clinic mistakenly accused the Plaintiff with abusing animals." (Doc. # 1).  Attached to Plaintiff's complaint is a letter sent by Defendant Cleveland Clinic Florida Naples which describes Plaintiff as exhibiting "confrontational behavior." (Doc. # 1 at Ex. A).

This Court finds that Defendants' statements in the motion to appoint a special master are similar to Plaintiff's own statements from Plaintiff's complaint, and that it is not necessary to seal the motion to appoint a special master.

Accordingly, Plaintiff's motion to seal Defendants' motion to appoint a special master is **DENIED.**

III. Motion for an Extension of the Mediation Deadline

Defendants have filed Defendants' Expedited Unopposed Motion to Extend Mediation Deadline or Alternatively Dispense Mediation Requirement (Doc. # 31).  Defendants seek an order extending the mediation deadline from the current date of October 16, 2005 to the date of November 15, 2005, in order to provide time for Plaintiff to save money to pay his share of the mediation costs.  In the alternative, Defendants move this court to dispense with the

4

mediation requirement.

This Court is not willing to dispense with the mediation requirement, as mediation is mandated by this Court's Local Rules and "provide[s] an alternative mechanism for the resolution of civil disputes . . . with resultant savings in time and costs to the litigants and to the Court, but without sacrificing the quality of justice to be rendered or the rights of the litigants to a full trial in the event of an impasse following the mediation." Local Rule 9.01(b), M.D. Fla.

Though pro se Plaintiff's motion to proceed in forma pauperis has been granted, Plaintiff is not excused from paying his share of the mediation fee.

Accordingly, Defendants' Expedited Unopposed Motion to Extend Mediation Deadline or Alternatively Dispense Mediation Requirement (Doc. # 31) is **GRANTED** to the extent that the mediation deadline is extended until November 15, 2005 in order for Plaintiff to secure funds to pay his share of the mediation fee.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendants' Motion to Appoint Special Master to Oversee Depositions (Doc. # 29) is **DENIED.**

2. Plaintiff's Motion to File Under Seal The "Defendants' Motion to Appoint Special Master to Oversee Depositions and Supporting Memorandum of Law" (Doc. # 32) is **DENIED.**

3.  Defendants' Expedited Unopposed Motion to Extend Mediation Deadline or Alternatively Dispense Mediation Requirement (Doc. # 31) is **GRANTED** to the extent that the mediation deadline is extended until November 15, 2005 in order for Plaintiff to secure funds to pay his share of the mediation fee.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 19th day of October, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record